IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YVONNE DIALLO<br>14535 Mayfair Drive<br>Laurel, Maryland 20707 | * <br><br>* | |
| **Plaintiff** | * | |
| vs. | * | **Civil Action No.** _____ |
| MONICA MARUSCEAC<br>10603 Vickers Drive<br>Vienna, Virginia  22181 | *<br><br>* | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the Plaintiff, Yvonne Diallo, by and through counsel, Thomas V. Mike Miller, Jr., P.A. and John P. Valente, III, and files this Complaint against Defendant, Monica Marusceac, setting forth the following:

1. That Plaintiff, Yvonne Diallo, is a citizen of the United States who is domiciled in the State of Maryland.

2. That Defendant, Monica Marusceac, is a citizen of the United States who is domiciled in the State of Virginia.

3. That the parties were involved in a motor vehicle accident which occurred on 295 South in Washington, District of Columbia.

### JURISDICTION AND VENUE

4. That this Court has original jurisdiction of this claim in that the subject incident occurred within the boundaries of the District of Columbia.

5. That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(2) in that a substantial part of this claim arose within the District of Columbia.

6. That venue is also proper in this jurisdiction, pursuant to 28 U.S.C.S. § 1332(a)(1), as diversity of citizenship exists between the parties and the matter in controversy exceeds the value of $75,000, exclusive of interest and cost.

## FACTS COMMON TO ALL COUNTS

7. That on or about September 12, 2013, at approximately 5:55 p.m., the Plaintiff, Yvonne Diallo, was operating her 2003 Mercedes E320 motor vehicle southbound on 295 in Washington, District of Columbia, when she brought her vehicle to a complete stop for traffic which had stopped in front of her.

8. That on the date and time described herein, the Defendant, Monica Marusceac, was operating a motor vehicle in a position behind Plaintiff's vehicle on 295 South, when, suddenly and without warning, Defendant Marusceac negligently operated her vehicle into the rear of Plaintiff's vehicle and a collision occurred between the two (2) vehicles.

## COUNT I
### (Negligence)

9. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 8 of this Complaint.

10. That at all times relevant herein, the Defendant, Monica Marusceac, had a duty to maintain a proper lookout, to exercise due care in the operation of her motor vehicle, to operate said vehicle in a safe and prudent manner, to drive at a speed in accordance with all prevailing road and/or traffic conditions, to keep a safe distance between her vehicle and Plaintiff's vehicle, to maintain control over her vehicle to avoid colliding with Plaintiff's vehicle, to drive in

accordance with all prevailing traffic rules and regulations, and otherwise to pay full time and attention to the operation of her motor vehicle.

11. That the Defendant, Monica Marusceac, breached her aforementioned duties owed to Plaintiff, Yvonne Diallo, in failing to maintain a proper lookout, in failing to exercise due care in the operation of her motor vehicle, in failing to operate said vehicle in a safe and prudent manner, in failing to drive at a speed in accordance with all prevailing road and/or traffic conditions, in failing to maintain control over her vehicle to avoid colliding with Plaintiff's vehicle, in failing to keep a safe distance between her vehicle and Plaintiff's vehicle, in failing to drive in accordance with all prevailing traffic rules and regulations, and otherwise in failing to pay full time and attention to the operation of her motor vehicle.

12. That as a direct and proximate result of the negligent actions of Defendant, Monica Marusceac, the Plaintiff, Yvonne Diallo, received severe, painful and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused and will continue to cause her great pain and mental anguish.

13. That as a direct and proximate result of the negligent actions of the Defendant, Monica Marusceac, the Plaintiff, Yvonne Diallo, has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Yvonne Diallo.

14. That as a direct and proximate result of the negligence of the Defendant, Monica Marusceac, the Plaintiff, Yvonne Diallo, was forced to lose time from her employment, suffered a loss of wages, and suffered a permanent impairment of her wage earning capacity.

15. That at no time relevant hereto was the Plaintiff, Yvonne Diallo, contributorily negligent nor did she assume the risk.

WHEREFORE, Plaintiff, Yvonne Diallo, seeks judgment against the Defendant, Monica Marusceac, for the sum of Seven Hundred Thousand Dollars ($700,000.00), plus interest and costs.

Respectfully submitted:

THOMAS V. MIKE MILLER, JR. P.A.

_____
John P. Valente, III
Federal ID #: 22233
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
Counsel for Plaintiff

## JURY DEMAND

The Plaintiff, Yvonne Diallo, demands a trial by jury on the above-captioned matter.

_____
John P. Valente, III